THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETH RIGEL AND DARRELL RIGEL | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:14-cv-3360-M |
| | § | |
| ROSEWOOD HOTELS AND RESORTS, LLC; ROSEWOOD HOTELS AND RESORTS INTERNATIONAL, INC., and ROSEWOOD HOTELS & RESORTS | § § § § § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFFS' MOTION TO REMAND AND SUPPORTING BRIEF

Beth and Darrell Rigel file this motion to remand this case to the 162nd Judicial District Court for Dallas County, Texas.

## OVERVIEW

Beth and Darrell Rigel were celebrating their anniversary at the Rosewood Jumby Bay Resort when Ms. Rigel was seriously injured while riding a bicycle provided by the resort. The Rigels sued Rosewood[1] in state court on various state law theories and Rosewood removed the case to this Court asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 (a) (2). This case should be remanded because Rosewood has not sufficiently established its citizenship for jurisdictional purposes.

---

[1] Plaintiffs sued Rosewood Hotels and Resorts, LLC, Rosewood Resorts International, Inc. and Rosewood Hotels & Resorts. Defendants contend that Rosewood Hotels and Resorts International, Inc. no longer exists and the Rosewood Hotels and Resorts, LLC is the only entity that operates under the assumed name Rosewood Hotels & Resorts. As a result, this motion only addresses the jurisdictional status of Rosewood Hotels and Resorts, LLC, and refers to it in this motion as "Rosewood."

## ARGUMENT AND AUTHORITIES

In an effort to establish jurisdiction, Rosewood alleges that it is a limited liability company whose only member is Rosewood Hotels and Resorts Holdings Limited ("Rosewood, Ltd."), "which is located in Hong Kong." *See* D.E. 1, p. 2. Rosewood makes no allegations concerning Rosewood Ltd.'s organizational structure and whether it shares the characteristics of a corporation under United States' law sufficient to treat it as a corporation for diversity purposes. *See White Pearl Inversiones S.A. v. Cemusa, Inc.,* 647 F.3d 684, 686 (7th Cir. 2011) ("There is a problem in White Pearl's jurisdictional allegations— a problem that we have seen too often. The complaint asserts that White Pearl is "a corporation"; the appellate briefs repeat this statement, which assumes that Uruguay has business entities that enjoy corporate status as the United States understands it."). Also absent from Rosewood's jurisdictional allegations are the location of Rosewood, Ltd.'s creation and its principal place of business. *See* 28 U.S.C. 1332 (c) (1); *See Bayerische Landesbank v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 51 (2nd Cir. 2012) ("Congress has since amended section 1332(c) to include 'foreign state' in the dual citizenship provision . . . [e]very corporation is now treated for diversity purposes as a citizen of both its state of incorporation and its principal place of business, regardless of whether such place is foreign or domestic."). As a result, Rosewood's allegations of diversity jurisdiction are not sufficient to demonstrate that subject matter jurisdiction exists.

In addition to the lack of sufficient jurisdictional allegations, anecdotal evidence casts doubt on the meager allegations Rosewood did provide. A Texas Franchise Tax Public Information Report filed by Rosewood for the year 2014 indicates that New World Hotel Management (BVI) Limited, formed in the British Virgin Islands, is Rosewood's parent with 100% ownership. *See* Exhibit 1, attached hereto. If New World Hotel Management (BVI)

Limited is the correct entity owning Rosewood, the Court has no allegation or proof that the entity should be treated as a corporation for diversity purposes, or where its principal place of business is found.

Plaintiffs have additional concerns about the paucity of Rosewood's jurisdictional allegations. 28 U.S.C. § 1441 (b) (2) prohibits removal of this action if any of the defendants is a citizen of Texas. Based upon Rosewood's filings with the State of Texas, its principal place of business is Texas. Plaintiffs are unable to undertake any sort of analysis of the location for the "nerve center" of Rosewood's member(s) to determine the citizenship of those entities because of the inadequacy of Rosewood's jurisdictional allegations.

Federal courts are courts of limited jurisdiction and the removing party bears the burden of showing that jurisdiction exists and that removal was proper. *Hertz Corp. v. Friend*, 559 U.S. 77, 96-7 (2010). Federal courts should assume that a lawsuit lies outside of its jurisdictional boundaries until jurisdiction is established. *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When jurisdiction depends on the citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991); *quoting McGovern v. American Airlines*, Inc. 511 F.2d 653, 654 (5th Cir. 1975). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Id.* Further, "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

In the present case, Rosewood alleges jurisdiction based upon alienage jurisdiction found in 28 U.S.C. § 1332 (a) (2). *See* D.E. 1, p. 2. Although alienage jurisdiction and diversity jurisdiction are distinct concepts, they both require complete diversity between the parties. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Rosewood has not

sufficiently alleged the citizenship of the member(s) of Rosewood because it has not alleged its member's organizational structure and that it should be treated the same as a corporation under a diversity analysis, it has not alleged the state or foreign state where the member was incorporated, and it failed to allege the state or foreign state of the principal place of business for the member(s). As a result, Rosewood has failed to "distinctly and affirmatively" allege the citizenship of the members of Rosewood.

## CONCLUSION

Rosewood's failure to sufficiently allege the basis for diversity jurisdiction requires this Court to assume that jurisdiction is not present and remand is appropriate. Unless and until Rosewood carries its burden, the Court should remand this case to the 162nd Judicial District Court for Dallas County.

    Respectfully submitted,

*/s/ Steven E. Aldous*
**Steven E. Aldous**
State Bar No. 00982100
**FORSHEY & PROSTOK LLP**
500 Crescent Court
Suite 240
Dallas, TX 75201
Telephone: 214-716-2101
Facsimile: 214-716-2115
saldous@forsheyprostok.com

*Attorney for Plaintiffs*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he discussed the substance of this motion with counsel for all defendants, Christopher Reed, on September 26, 2014.  After conferring, the parties could not agree therefore this motion is opposed and submitted to the Court for resolution.

>  */s/ Steven E. Aldous*
>  Steven E. Aldous

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing document has been served, via electronic filing, on all counsel of record on this the 26th day of September, 2014.

>  */s/ Steven E. Aldous*
>  Steven E. Aldous

# EXHIBIT 1
# 3:14-cv-3360-M

# Texas Franchise Tax Public Information Report

05-102
(Rev.9-13/32)

*To be filed by Corporations, Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ Tcode 13196 Franchise

**Taxpayer number:** 17527467884
**Report year:** 2014

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

**Taxpayer name:** ROSEWOOD HOTELS AND RESORTS, L.L.C.

○ Blacken circle if the mailing address has changed.

**Mailing address:** 500 CRESCENT COURT, SUITE 300
**City:** DALLAS **State:** TX **ZIP Code:** 75201 **Plus 4:**

**Secretary of State (SOS) file number or Comptroller file number:** 0703090023

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office:** 500 CRESCENT CT., SUITE 300, DALLAS, TX 75201
**Principal place of business:** 500 CRESCENT CT., SUITE 300 DALLAS, TX 75201

*Please sign below!*

Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

1752746788414

**SECTION A** Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | Term expiration (m m d d y y) |
|---|---|---|---|
| RADHA A. ARORA | PRESIDENT | ○ YES | |
| Mailing address: 500 CRESCENT CT., SUITE 300 | City: DALLAS | State: TX | ZIP Code: 75201 |
| SUSAN M. ALDRIDGE | SECRETARY | ○ YES | |
| Mailing address: 500 CRESCENT CT., SUITE 300 | City: DALLAS | State: TX | ZIP Code: 75201 |
| | | ○ YES | |
| Mailing address: | City: | State: | ZIP Code: |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| SEE STATEMENT 1 | | | |
| | | | |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| NEW WORLD HOTEL MANAGEMENT (BVI), LIMITED | BVI | | 100 |

**Registered agent and registered office currently on file** *(see instructions if you need to make changes)*
**Agent:** CORPORATION SERVICE COMPANY, DBA LAWYERS
○ Blacken circle if you need forms to change the registered agent or registered office information.
**Office:** 211 E. 7TH ST., SUITE 620 **City:** AUSTIN **State:** TX **ZIP Code:** 78701

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

**sign here:** [signature]
**Title:** President
**Date:** 5/7/14
**Area code and phone number:** (214) 880-4202

**Texas Comptroller Official Use Only**

VE/DE ○    PIR IND ○