## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BETH RIGEL and DARRELL RIGEL | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:14-CV-3360-M |
| | § | |
| ROSEWOOD HOTELS AND | § | |
| RESORTS, L.L.C., ROSEWOOD | § | |
| HOTELS AND RESORTS | § | |
| INTERNATIONAL, INC., and | § | |
| ROSEWOOD HOTELS & RESORTS | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand [Dkt. No. 5], filed by Plaintiffs Beth and Darrell Rigel. For the reasons stated herein, the Motion is **DENIED**.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On July 31, 2012, Plaintiffs Beth and Darrell Rigel ("the Rigels") began a three-night vacation at the Rosewood Jumby Bay to celebrate their anniversary.[1] Each guest is provided with a bicycle.[2] The Rigels allege that on August 3, 2012, Beth Rigel was riding that bicycle when the brakes malfunctioned, causing her to wreck.[3] She was diagnosed with broken bones in her foot and required multiple surgeries and physical therapy to recover.[4]

On July 30, 2014, the Rigels filed a negligence suit in the 162nd Judicial District of Dallas County against Rosewood Hotels and Resorts, L.L.C., Rosewood Hotels and Resorts

---

[1] Dkt. No. 1-11 ¶ 7.
[2] *Id.*
[3] *Id.*
[4] *Id.*

International, Inc., and Rosewood Hotels & Resorts, seeking damages in excess of $1,000,000.[5]
The Rigels claim to have served Defendants' registered agent on August 13, 2014, but
Defendants did not actually receive the Summons and Original Petition until August 18, 2014.[6]

On September 15, 2014, Defendants filed a verified Original Answer in state court,
claiming, among other things, that Rosewood Hotels and Resorts International, Inc. lacks the
legal capacity to be sued, because it does not exist as a legal entity.[7]  The Answer also claimed
that Rosewood Hotels & Resorts is not a separate entity from Rosewood Hotels and Resorts,
L.L.C. ("Rosewood L.L.C."), but that Rosewood L.L.C. does business as Rosewood Hotels and
Resorts.[8]  To support such contentions, Defendants attached an affidavit from Stephen Miano,
Vice President of Finance for Rosewood L.L.C., who generally swore to the accuracy of the
status of the entities.[9]

On September 16, 2014, Defendants filed a Notice of Removal, arguing that removal was
proper on the basis of alienage jurisdiction under 28 U.S.C. § 1332(a)(2).[10]  Defendants noted
that the amount in controversy was satisfied by the damages claimed.[11]  Defendants alleged that
the Rigels are citizens of New York and that Rosewood L.L.C. has a single member, Rosewood
Hotels and Resorts Holdings Limited ("Rosewood Limited"), which is "located in Hong
Kong."[12]  Because a limited liability company's citizenship is determined by the citizenship of
each member, Defendants claimed that Rosewood L.L.C. is a citizen of Hong Kong.[13]

---

[5] *Id.* ¶ 10–12.
[6] Dkt. No. 1-1 at 3–4.
[7] Dkt. No. 1-12 at 1.
[8] *Id.* at 2.
[9] *Id.* at 5.
[10] Dkt. No. 1 at 2.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 2–3.

On September 26, 2014, the Rigels filed a Motion to Remand, arguing that Defendants did not allege sufficient facts about Rosewood Limited's organizational structure and principal place of business.[14]  The Rigels claim that alleged inconsistencies between Rosewood L.L.C.'s various filings describing its status, and Defendants' failure to allege specific facts about the business structure of Rosewood L.L.C. or Rosewood Limited, require this Court to remand.[15]

On October 13, 2014, Defendants filed their First Amended Notice of Removal to address the jurisdictional concerns raised by Plaintiffs in their Motion to Remand.[16]  Defendants reassert that the only member of Rosewood L.L.C. is Rosewood Limited, which Defendants claim is incorporated in the British Virgin Islands, and, therefore, is treated as a foreign corporation for the purposes of alienage jurisdiction.[17]  Furthermore, Defendants claim that Rosewood Limited "was created," and has its principal place of business, in Hong Kong.[18]  According to Defendants, all of Rosewood Limited's directors reside in Hong Kong, which is also where its corporate activities are directed, controlled, and coordinated.[19]  Defendants filed their Response to Plaintiffs' Motion to Remand on October 13, 2014, and Plaintiffs filed their Reply on October 24, 2014.

---

[14] Dkt. No. 5 at 2; Dkt. No. 5 at 7.
[15] *Id.* at 3–4.
[16] Dkt. No. 6.
[17] Dkt. No. 6 at 3.
[18] *Id.* at 3–4.
[19] *Id.* at 4.

## II.    LEGAL STANDARD

A court must remand an action if, at any time, it appears that the district court lacks subject matter jurisdiction. *Bell v. State Farm Lloyds*, No. 3:13-CV-1165-M, 2014 WL 3058299, at *1 (N.D. Tex. July 7, 2014) (Lynn, J.).  The removing party is required to carry the burden of establishing jurisdiction. *Shearer v. Sw. Serv. v. Life Ins. Co.,* 516 F.3d 276, 278 (5th Cir. 2008). To establish jurisdiction, the removing party must "distinctly and affirmatively" allege jurisdictional facts. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). In deciding a motion to remand, a court must resolve issues of material fact in the plaintiff's favor, and any doubts must be resolved against removal. *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).  However, a district court may rely on the pleadings, consider conflicting evidence, and resolve disputed jurisdictional facts accordingly.  *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 291 (5th Cir. 1989).

Under Section 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States [or] . . . citizens of a State and citizens or subjects of a foreign state . . . ."  28 U.S.C. § 1332(a).  There must be complete diversity of citizenship between all plaintiffs and all defendants, which means that no plaintiff can have the same citizenship as any defendant.  *Lincoln Pro. Co. v. Roche*, 546 U.S. 81, 89 (2005).  This rule also applies if one of the parties is from a foreign state.  *Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 757–58 (5th Cir. 1975).   A limited liability company is not treated as a corporation for diversity jurisdiction, but rather its citizenship is determined by the citizenship of all its members.  *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1080 (5th Cir. 2008).

## III.   ANALYSIS

### A.  The First Amended Notice of Removal

As a preliminary matter, the Court finds that Defendants could legitimately file their First Amended Notice of Removal outside of the 30-day window, to clarify facts relating to the citizenship of Rosewood L.L.C. and Rosewood Limited.  *See D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 147 (5th Cir. 1979) (explaining that a faulty allegation of jurisdiction in a notice of removal may be cured in the trial or appellate court); *Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919–20 (5th Cir. 2001) ("[W]hen the record establishes the diversity of the parties, but the party asserting federal jurisdiction has failed to specifically plead that the parties are diverse, [the court of appeals] allow[s] that party to amend its pleadings to correct for their technical deficiency.").[20]

### B.  Rosewood L.L.C.'s Citizenship

It is undisputed that the Rigels are citizens of New York and the amount in controversy exceeds $75,000.  The Rigels do not appear to dispute that the only named Defendant capable of being sued is Rosewood L.L.C., a limited liability company.[21]   Furthermore, the parties do not dispute that Rosewood Limited is Rosewood L.L.C.'s sole member.[22]  Thus, Defendants must carry the burden of distinctly and affirmatively alleging jurisdictional facts that Rosewood

---

[20] *See also* 14C Charles Alan Wright et al., *Federal Practice and Procedure*, § 3733 (4th ed. 2014) (explaining that, although there are cases to the contrary, the cases that allow the notice of removal to be amended, after the expiration of the 30-day period, to properly allege a party's principal place of business are more consistent with Federal Rule of Civil Procedure 15 and 28 U.S.C. § 1653).

[21] Dkt. No. 5 at 7 ("Texas Franchise Tax Public Information Report"); *see* Pl.'s Reply Br. at 1 n. 1.

[22] *See generally* Pl.'s Reply Br.

Limited is a foreign citizen.  *See Mullins*, 564 F.3d at 397 (5th Cir. 2009) (explaining that the citizenship of each general and limited partner is crucial in determining whether diversity jurisdiction exists).

In their First Amended Notice of Removal, Defendants have demonstrated that Rosewood Limited is incorporated in BVI, with its principal place of business in Hong Kong.[23] A "corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State." *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd*., 536 U.S. 88, 91 (2002) (citing Restatement (Third) of Foreign Relations Law of the United States § 213 (1986) ("For purposes of international law, a corporation has the nationality of the state under the laws of which the corporation is organized")).  The Supreme Court has expressly held that a corporation organized under the laws of BVI is a "citize[n] or subjec[t] of a foreign state" for the purposes of alienage diversity jurisdiction.  *See generally id.*

Plaintiffs argue that Defendants' assertions are inconsistent—in their First Amended Notice of Removal, Defendants state that Rosewood Limited was "created in Hong Kong," while Defendants claim in their Response that Rosewood Limited is incorporated in BVI and that its principal place of business is in Hong Kong.  The Court does not regard these assertions as necessarily inconsistent.  A business can be created in one place, but incorporated in another. This is often the case when U.S. corporations are formed in one state, but incorporated in Delaware.[24]

---

[23] Dkt. No. 6 at 3–4.

[24] Accepting either of Defendants' assertions as true would still establish Rosewood Limited as a citizen of BVI or Hong Kong, both foreign states.  *See Traffic Stream*, 536 U.S. at 88; *see Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*, No. 03 Civ.7778(DLC), 2004 WL 1328215, at *1 (S.D.N.Y. June 15, 2004) (holding alienage jurisdiction was established because Hong Kong corporations appear to be citizens of China under the principles set forth in *Traffic Stream*).

Next, Plaintiffs argue that Rosewood Limited's organizational form is unclear, and that Rosewood Limited could be an unincorporated association.  Plaintiffs submitted the BVI Business Companies Act to demonstrate the variety of organizational forms Rosewood Limited could take.[25]  However, that statute prescribes different means for *incorporating* under BVI law, which does not discredit the conclusion that Rosewood Limited is not an unincorporated association.[26]  It appears that Rosewood Limited could have taken any of the organizational forms provided by the statute and still be a citizen of a foreign state for the purposes of alienage jurisdiction.[27] *See Traffic Stream*, 536 U.S. at 91.

Finally, Plaintiffs have provided a Texas Franchise Tax Public Information Report showing that Rosewood L.L.C.'s principal office and place of business are in Texas, and that its parent corporation is New World Hotel Management (BVI), Limited, formed in BVI.[28]  This filing does not controvert Defendants' claim that Rosewood Limited is a citizen of a foreign state, and that Rosewood L.L.C. takes that citizenship, as Rosewood Limited is its sole member. Rosewood L.L.C.'s principal place of business and the citizenship of its parent company are irrelevant for the purposes of determining Rosewood L.L.C.'s citizenship.[29]  *See Trafigura AG v. Enter. Prod. Operating LLC*, 995 F.Supp.2d 641, 646 (S.D. Tex. 2014) (explaining that an

---

[25] Dkt. No. 8-1.

[26] In their Motion to Remand, Plaintiffs rely on *White Pearl Inversiones, S.A. v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011) to argue that Defendants make no allegations concerning their organizational structure and whether it is similar to a corporation under U.S. law.  The Court notes that the court in *White Pearl* ultimately determined that the Uruguayan entity at issue in *White Pearl* was a foreign entity regardless of whether it was a corporation or joint stock company.  *White Pearl*, 647 F.3d at 687.  However, the court reviewed the attributes of a corporation and found that the entity had attributes of "corporate-ness." *Id*.  Similarly, here, Defendants have pleaded facts that establish that Rosewood Limited has corporate attributes, including directors, and that it engages in "corporate activities" in Hong Kong. *See* Dkt. No. 6 at 4.

[27] As a result, Plaintiffs' reliance on *Douget v. VCPHCS VI, L.L.C.*, No. 2:13–CV–973, 2014 WL 1030048 (W.D. La. March 13, 2014) is misplaced.  There, the court remanded the case because the defendants failed to properly plead facts about each of the limited liability company's members.  *Id.* at 2.

[28] Dkt. No. 5 at 7.

[29] Plaintiffs did not sue New World Hotel Management (BVI), Limited, nor are there allegations that New World is a member of Rosewood LLC.

unincorporated entity's citizenship is not determined by its principal place of business); *See Harvey*, 542 F.3d at 1080 ("[T]he citizenship of a L.L.C. is determined by the citizenship of all its members.").

Because Rosewood L.L.C.'s sole member is a citizen of BVI, Rosewood L.L.C. is also a citizen of BVI, which makes it diverse from Plaintiffs, who are citizens of New York. *See Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006) (finding that a limited liability company was a citizen of North Carolina and New Zealand because its members were citizens of North Carolina and New Zealand).

Considering the Notice of Removal, the First Amended Notice of Removal, the Motion to Remand, the Response, and the Reply, and the evidence attached thereto, the Court finds that removal was proper.  The Motion to Remand is **DENIED**.

**SO ORDERED.**

December 11, 2014.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**